# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3630 | **DATE** | 7/17/2002 |
| **CASE TITLE** | Pedro Flores vs. Leonard Nissen, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 19 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 26 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| EF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No: 01 C 3630 |
| ) | HONORABLE CHARLES R. NORGLE |
| LEONARD C. NISSEN, JR. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant's motion for summary judgment. For the following reasons, the motion is granted.

## I. BACKGROUND[1]

The court begins with a list of persons related to this case and their role in the suit. New Beginnings Landscaping is a corporation that is principally owned by David Nissen. Neither New Beginnings nor David Nissen is a party to this lawsuit, but David's brother Leonard Nissen is the Defendant.[2] Nissen sometimes worked for David and New Beginnings. Plaintiff, Pedro Flores, also worked for David and New Beginnings.

Nissen suffers from depression and tardive dyskinesia. For at least fifteen years, Nissen has taken prescribed medications, including valium, to treat his depression and to stabilize his motor

---

[1] The court takes the facts from Defendant's Local Rule 56.1 statement, the final pre-trial order, and accompanying exhibits. Plaintiff has failed to file a Local Rule 56.1 response, as required, and the court deems admitted all of Defendant's factual averments that are supported by the accompanying evidentiary exhibits. (See infra pg. 4.)

[2] For clarity, the court will refer to David Nissen as "David" and Leonard Nissen as "Nissen."

functions. From 1998 to 2000, Nissen sporadically worked for New Beginnings. A few times per year, Nissen would perform functions such as picking up and delivering materials and equipment, and assisting with jobs such as snow removal.

Flores is a citizen of Mexico who came to the United States in 1989. In 2000, Flores filled out an employment application with New Beginnings, a W-4 tax withholding form, and a U.S. Department of Justice Employment Eligibility Verification form. On these documents, Flores submitted a social security number and a Lawful Permanent Resident Alien number. Despite Flores' submission of these identification numbers, he does not have a valid social security number, nor does he have a Lawful Permanent Resident Alien number.[3] The record is not clear as to Flores' exact starting date with New Beginnings, but it is certain that Flores was working for New Beginnings in September of 2000 as a landscaper.

In the middle of September 2000, Nissen agreed to work a few days for New Beginnings while David was out of town. David told Nissen to use a New Beginnings dump truck and tools, and drive Flores to several job sites where Flores would perform landscaping duties. David said that Flores would know which jobs needed to be done, and the work that was to be performed.

On the morning of September 18, 2000, Nissen took several prescribed medications including valium. At 1:44 p.m. that afternoon, Nissen and Flores were involved in a traffic accident. Nissen was driving the dump truck from one job site to another, and Flores was a passenger. Nissen took his eyes off the road to roll down his window, and then ran a red light, colliding with another vehicle.

---

[3]The problem of false social security numbers and other federal identification materials is a familiar one for the court. See e.g. Ramirez v. Elgin Pontiac GMC, Inc., 187 F. Supp. 2d 1041 (N.D. Ill. 2002) (case arising out of the use of a false social security card in an auto loan application); United States v. Mendoza, 157 F. Supp. 2d 935 (N.D. Ill. 2001) (criminal case involving false social security cards and resident alien identification cards).

Nissen and Flores were injured in the collision, with Flores sustaining a broken leg. Both Nissen and Flores received compensation for their injuries under the Illinois Worker's Compensation Act ("IWCA").

On May 17, 2001, Flores filed this diversity suit against Nissen, asserting that Nissen was intoxicated at the time of the accident, and that Nissen acted willfully, recklessly, or intentionally in causing Flores' injuries. Nissen now moves for summary judgment, arguing that Flores' claim is barred by the IWCA.[4] Flores presents no substantive argument, choosing instead to attack the motion on procedural grounds.

## II. DISCUSSION

### A. Standard for Motion for Summary Judgment:

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A defendant is entitled to put the plaintiff to his proofs, and demand a showing of the evidence. See

---

[4]Nissen makes an alternative argument that, if the case reached a verdict in favor of Flores, Flores would not be entitled to backpay. Nissen's argument is based on the recent case of Hoffman Plastic Compounds, Inc. v National Labor Relations Board, 122 S. Ct. 1275 (2002). Because of the court's disposition of the merits of Flores' suit, the court does not reach the issue of damages, and does not address Nissen's backpay argument.

3

e.g. Navarro v. Fuji Heavy Industries. Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id.

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment. See Fed. R. Civ. P. 56(c), see also, Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), see also, First Nat'l. Bank of Arizona v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Parties must comply with Local Rule 56.1 when submitting briefs on summary judgment. The court enforces the local rules, as is within its discretion. As noted above, Flores did not file a substantive response to Nissen's motion, and Flores similarly failed to file a Local Rule 56.1 response to Nissen's statement of facts. Therefore, the court deems admitted all of Nissen's statements of fact that are supported by the record. See Salvadori v. Franklin Sch. Dist., – F.3d –, No. 01-3829, 2002 WL 1301393, at *1-2 (7th Cir. June 14, 2002); Huff v. Uarco, Inc., 122 F.3d 374, 382 (7th Cir. 1997) Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir. 1997); Flaherty v. Gas Research Institute, 31 F.3d 451, 453 (7th Cir. 1994); Herman v. Chicago, 870 F.2d 400, 404 (7th Cir. 1989); Bell, Boyd & Lloyd v. Tapy, 896 F.2d 1101, 1102 (7th Cir. 1990).

## B. Procedural Aspects of Nissen's Motion:

Flores attacks Nissen's motion on procedural grounds, arguing that it is unfairly prejudicial, and that Nissen failed to comply with Local Rule 56.1. Neither argument has merit.

First, Flores asserts that Nissen failed to plead as an affirmative defense the IWCA prohibition on co-worker suits, and therefore the motion is unfairly prejudicial. Flores further asserts that the facts supporting the motion have been known for a long time, and there is no reason for Nissen to have waited to bring the motion until shortly before trial. Federal Rule of Civil Procedure 56 allows a defendant to file a motion for summary judgment at any time, so the fact that Nissen's motion came close to trial is of no moment. See Fed. R. Civ. P. 56(b). And, as Flores asserts, the factual basis for the motion has been known by the parties for a long time, so there is no demonstrated prejudice to Flores. In short, there is nothing unfairly prejudicial about the filing or timing of Nissen's motion.

As for Local Rule 56.1, Flores' objection is overruled. Nissen complied with the Local Rule by supplying short statements of fact and precise citations to the supporting record. See Local Rule 56.1. Flores complains that Nissen's paragraphs contain excessive factual statements, but that contention is de minimis at best. Nissen's precise record citations direct the court and Flores to the supporting materials. It would have been easy for Flores to admit or contest Nissen's statements of fact if he chose to do so. Having chosen not to answer the merits of Nissen's motion, the court addresses it without the benefit of a substantive brief from Flores.

## C. The IWCA Bars Suits Based on Co-Worker Negligence:

"The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment." Meerbrey v. Marshall Field and

Co., Inc., 564 N.E.2d 1222, 1225 (Ill. 1990). "Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer." Id. "The exclusive remedy provision 'is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.'" Id. (quoting 2A A. Larson, Law of Workmen's Compensation § 65.11 (1988)).

A primary purpose of the IWCA is to place the cost of workplace accidents on the employer. See Ramsey v. Morrison, 676 N.E.2d 1304, 1308-09 (Ill. 1997). To that end, the IWCA bars an injured employee from bringing a negligence suit against a co-worker for workplace injuries. See id. at 1307-09 (noting the need for co-worker immunity and describing the immunity as being "tied to a basic purpose of worker's compensation."); Meerbrey, 564 N.E.2d at 1229-30 (collecting authority noting co-worker immunity against negligence claims). In the absence of a bar against co-worker negligence suits, the cost of employee injuries would shift from the employer to co-workers, creating extra litigation and defeating a central purpose of the worker's compensation statute. See Ramsey, 676 N.E.2d at 1308-10; Meerbrey, 564 N.E.2d at 1229-30. Nevertheless, despite the ban on negligence suits against co-workers, Illinois law permits employees to pursue claims for intentional torts committed by co-workers. See Meerbrey, 564 N.E.2d at 1230.

The IWCA broadly construes the employer/employee relationship, so as to give wide effect to the worker's compensation scheme. See e.g. 820 ILCS 305/1 (definitional section of IWCA); Ware v. Industrial Comm'n, 743 N.E.2d 579, 583 (Ill. App. Ct. 2000); Wausau Gen'l Ins. Co. v. Kim's Trucking, Inc., 682 N.E.2d 190, 193 (Ill. App. Ct. 1997). The employment relationship turns on a number of factors, including the right to control, the nature of the work performed in relation

to the putative employer's business, the method of wage payment, the right of hiring and firing, the necessary skills, and the responsibility to provide necessary tools and equipment. See Ware, 743 N.E.2d at 583. In this case, the undisputed material facts demonstrate that both Nissen and Flores were employees of New Beginnings. New Beginnings gave both men instructions as to the work to be performed, paid the men a wage, provided tools and equipment, and could hire and fire each man at will. Both Nissen and Flores were employees of New Beginnings, and were co-workers to each other.

As long as Nissen's actions relative to the September 18th accident were not intentionally tortious, the IWCA will bar Flores' suit. See Meerbrey, 564 N.E.2d at 1230 (noting that the IWCA does not bar actions against co-workers based on intentional torts). Flores' complaint alleged that Nissen was driving intoxicated, and acted wilfully, recklessly or with specific intent to injure Flores. Now, at the summary judgment stage, Flores offers no evidence in support of those allegations. Indeed, in the absence of substantive argument or evidence, the court is assuming that Flores bases his claim of Nissen's intoxication on Nissen's ingestion of prescription medication on the morning of the accident.

Standing alone, the fact that Nissen took medication is insufficient to demonstrate that he was intoxicated or impaired in his physical or mental abilities. Long standing Illinois law requires a party to demonstrate actual impairment. See Wiegman v. Hitch-Inn Post of Libertyville, Inc., 721 N.E.2d 614, 626 (Ill. App. Ct. 1999). Mere involvement in an accident does not establish intoxication. Id. And, evidence of consumption of potentially impairing substances is not admissible in the absence of evidence of actual intoxication. Id. (discussing evidence that may be used to demonstrate

7

impairment). There is no evidence of any impairment on the part of Nissen. The undisputed facts demonstrate that the accident was just that - an accident.

Both Flores and Nissen testified in depositions that Nissen was awake and alert at the time of the accident. Flores further testified that, although Nissen had some difficulty walking, that difficulty was not related to any intoxication. Flores' deposition testimony detailed the minutes before the accident, and related that Nissen was driving normally, at about the same speed as other cars on the road, was not driving erratically, and that Nissen did not appear to be intoxicated. Flores also related that Nissen's speech was normal, and that Nissen was not slurring his words. Nissen was smoking a cigar while driving, and Flores and Nissen talked about the cigar smoke. Flores stated that he didn't like the smoke and opened his window. And, Nissen testified that just prior to the accident, he was rolling down his window. These undisputed material facts demonstrate that Nissen simply took his eyes off the road, ran a red light, and hit another vehicle. There is no evidence that Nissen was intoxicated, impaired, or under the influence of any potentially intoxicating substances at the time of the accident. Nissen's driving was negligent, in that he ran a red light, but there is no evidence that Nissen intentionally harmed Flores. Therefore, Flores' suit is barred by the IWCA.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. Case terminated.

IT IS SO ORDERED.

ENTER:

_Charles R. Norgle Sr._
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-17-02